■ In the Matter of NESTOR DELGADO, Respondent, v KIMARIE NAZARIO, Appellant. [677 NYS2d 336] —Orders, Family Court, New York County (Richard Ross, J.), entered on or about March 10, 1997 and August 27, 1997, respectively, which dismissed appellant's petitions to modify an order of visitation to allow her to relocate to Florida with the subject child, unanimously affirmed, without costs.

Respondent sought to modify an order of visitation to permit her to move to Florida with petitioner's son (and her other children). Her avowed intent to "give the child a better life and environment" is less than convincing given the lack of documentation that she has secured a place to live. The expression of a belief by a treating physician that respondent's asthmatic symptoms "may improve in warmer climates" is similarly unconvincing in view of indications that the condition is controlled by medication. As the physician who conducted a pulmonary function test observed, "There is a significant response to the bronchodilator therapy."

The New York Society for the Prevention of Cruelty to Children, which was appointed to serve as guardian ad litem for the subject child, submitted a report concerning the quality of the child's relationship with his father. The Society noted that there is a warm and loving relationship between father and son and expressed the fear that this relationship would be broken by the mother's relocation given the limited financial means of his parents. The guardian further noted that the parties have a hostile relationship and that the mother has a history of failing to bring the child to scheduled interviews or even provide the Society with a telephone number where she can be reached.

Respondent has failed to advance any valid reason to disturb Family Court's ruling. As the Court of Appeals has stated: "each relocation request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with [the] predominant emphasis being placed on what outcome is most likely to serve the best interests of the child. While the respective rights of the custodial and noncustodial parents are unquestionably significant factors that must be considered * * * it is the rights and needs of the children that must be accorded the greatest weight" (*Matter of Tropea v*

*Tropea*, 87 NY2d 727, 739). The Court went on to emphasize that "the impact of the move on the relationship between the child and the noncustodial parent will remain a central concern" (*supra*, at 739).

Respondent's vague expression of her desire to pursue "a better life" in Florida is insufficient to warrant severing petitioner's relationship with his son. Nor has respondent demonstrated that her medical condition is so severe that her continued residence in New York will constitute a significant threat to her well being. Therefore, the record amply supports the conclusion that the proposed relocation would not be in the best interests of the child. Concur—Sullivan, J. P., Milonas, Rubin, Williams and Andrias, JJ.